**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEREMY BARATTA, | : | |
| | : | CIVIL ACTION NO. 09-5868 (MLC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION, ORDER, & JUDGMENT** |
| | : | |
| WILLIAM L. POLHEMUS et al., | : | |
| | : | |
| Respondents. | : | |

1. Petitioner, a pre-trial detainee, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and paid the filing fee. For state prisoners, § 2254 is a post-conviction remedy. Jurisdiction to grant the writ to pre-trial detainees exists, however, under 28 U.S.C. § 2241. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).

2. Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without directing responsive pleadings, since a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2254.

3. Petitioner asserts that he is entitled to immediate release from confinement on the grounds that either his bail was set in

an excessive amount or he was denied bail.  See Docket Entry No. 1, at 1 (stating alternative grounds).  Petitioner also asserts that he is being denied access to the courts.  See id. at 6.

4.   Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

>   (1)  federal courts have "pre-trial" habeas corpus jurisdiction;
>
>   (2)  that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . .;
>
>   (3)  where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. De Young, 515 F.2d at 443.

5.   Petitioner here expressly states that he has not exhausted his state remedies.  In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."  Petitioner has alleged no extraordinary circumstances.  Accordingly, there is no basis for this Court to intervene in a pending state criminal proceeding, and habeas relief is not warranted as to Petitioner's challenges based on excessive bail or denial of bail.

6.   Petitioner's claims as to denial of access to the courts cannot warrant habeas relief.  Federal law provides two avenues

2

of relief to prisoners: a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."  Id.  Consequently, Petitioner's access to the courts claims should be raised in a properly-filed civil complaint.  This Court expresses no opinion as to the merits of Petitioner's habeas or civil rights claims.

7.   As jurisdiction was asserted under 28 U.S.C. § 2254, this Court will address whether a certificate of appealability should issue.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether this Court is correct in its ruling. Accordingly, no certificate of appealability shall issue.  For good cause appearing:

**IT IS THEREFORE** on this 19th day of March, 2010, **ADJUDGED** that the Petition (dkt. entry no. 1) is **DISMISSED WITHOUT PREJUDICE;** and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that the Clerk of the Court designate the action as **CLOSED.**

                                          s/ Mary L. Cooper  
                                        **MARY L. COOPER**  
                                        United States District Judge